**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**LARRY L. LEA,**

        **Plaintiff,**

**-vs-**            **Case No. 6:10-cv-205-Orl-22DAB**

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**
_____

**ORDER**

**I. INTRODUCTION**

This cause comes before the Court for consideration of the Commissioner of the Social Security Administration's ("Commissioner") decision to deny Plaintiff Larry L. Lea's application for social security benefits. On January 24, 2011, the United States Magistrate Judge submitted a Report and Recommendation ("R & R") (Doc. No 17) recommending that the Commissioner's decision be affirmed. However, an Eleventh Circuit case – published on the same day the Magistrate Judge submitted his R & R – calls into question the Commissioner's decision. In light of this new decision, the Court determines that the ALJ's finding that Plaintiff is not disabled was not supported by substantial evidence. Therefore, the Court will reverse the agency's decision and remand the case to the Commissioner for further consideration.

1

## II. BACKGROUND

The Court will adopt the facts as presented in the R & R.  Those facts and procedural history are as follows.

**A.     Procedural History**

In the R & R, the Magistrate Judge explained that "Plaintiff filed for a period of disability and disability insurance benefits on July 10, 2007 (R. 139), alleging an onset of disability on April 1, 2007, due to heart problems, chest pain, angina, bowel problems, torn rotator cuff, arthritis, diabetes, and depression."  (Doc. No. 17 pp. 1-2) (citing R. 35, 36, 39, 40, 42, 45, 217-20).  "His application was denied initially and upon reconsideration."  (*Id.* at 2) (citing R. 88-95, 100-02).  Plaintiff requested a hearing that was held on January 15, 2009, before Administrative Law Judge Lisa B. Martin ("ALJ").  (*Id.*) (citing R. 19).  The ALJ determined that Plaintiff was not disabled as defined under the Social Security Act through the date of her decision on March 30, 2009.  (*Id.*) (citing R. 9-18).  Plaintiff timely filed a Request for Review of the ALJ's decision, and the Appeals Council denied Plaintiff's request on December 30, 2009.  (*Id.*) (citing R. 1, 135).  On February 2, 2010, Plaintiff filed this action for judicial review.  (Doc. No. 1.)

**B.     Medical History and Findings Summary**

Plaintiff was born March 1, 1964; he was 43 years old on his alleged onset date and 45 years old on the date of the ALJ's decision.  (*Id.*) (citing R. 139).  Plaintiff has a GED and has worked in the past as a realtor, truck driver, state park maintenance worker, and doing lawn mower repairs.  (*Id.*) (citing R. 174-81.)

Plaintiff's medical history is set forth in detail in the ALJ's decision. Plaintiff complained of depression, shortness of breath, fatigue, anxiety, chest pain, a history of bypass surgery, diabetes mellitus, arthritis, back and shoulder problems, and allergies. (*Id.* at 2-3) (citing R. 217-20). After reviewing Plaintiff's medical records and Plaintiff's testimony, the ALJ found that Plaintiff suffered from coronary heart disease, diabetes mellitus, arthritis, and depressive disorder, which were "severe" medically determinable impairments. (*Id.* at 3.) However, the ALJ found that the impairments were not severe enough to meet or medically equal one of the impairments listed in Appendix 1, Subpart P, Regulation No. 4. (*Id.*) (citing R. 11-13). The ALJ determined that Plaintiff retained the residual functional capacity (RFC) to perform sedentary work, except that he could not perform any left-shoulder above-shoulder activities. (*Id.*) The ALJ also determined that Plaintiff could not engage in ladder, rope, or scaffold climbing, must avoid extreme cold/heat environments, and must avoid exposure to dangerous work hazards, including unprotected heights and exposed machinery. (*Id.*) Plaintiff was limited to occasional ramp/stair climbing, balancing, stopping, kneeling, and crouching. (*Id.*) Finally, he was limited to routine uncomplicated low-stress work activities and work that did not require more than occasional required contact with co-workers, supervisors or the public. (*Id.*) (citing R. 14.)

Based upon Plaintiff's RFC, the ALJ determined that he could not perform past relevant work. (*Id.*) (citing R. 17.) Considering Plaintiff's vocational profile and RFC, the ALJ applied the Medical-Vocational Guidelines (the grids), 20 C.F.R. Part 404, Subpart P, Appendix 2. (*Id.*) (citing R. 18). Relying on testimony of the vocational expert, the ALJ concluded that Plaintiff could perform work existing in significant numbers in the national

3

economy as a pin clip fastener. (*Id.*) Accordingly, the ALJ determined that Plaintiff was not under a disability, as defined in the Act, at any time through the date of the decision. (*Id.*)

Plaintiff argues that the ALJ erred by finding there were jobs that Plaintiff could perform in spite of certain mental limitations not included in the hypothetical to the ALJ. Plaintiff also argued that the Appeals Council erred by not giving new evidence from Plaintiff's psychiatrist controlling weight and finding that Plaintiff was disabled.[1]

The Magistrate Judge recommended that the Commissioner's decision be affirmed. (Doc. No. 17 p. 3.) The R & R concluded that the ALJ "appropriately considered" Plaintiff's health and lifestyle and the effect of his ailments in light of the "exacting disability standard under the Social Security Act." (*Id.* at 14.) Plaintiff objects that the R & R incorrectly concluded that the ALJ's decision was based on substantial evidence because the hypotheticals she posed to the vocational expert did not fully assume all of Plaintiff's limitations. (Doc. No. 18.) Plaintiff argues that the ALJ neglected to consider his limitations in concentration, pace, and persistence when determining whether Plaintiff could make an adjustment to other work. (*Id.* at 2-3.)

### III. STANDARD OF REVIEW

A person seeking social security disability benefits must prove a disability, defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C.

---

[1] The vast majority of the medical evidence in the record concerns Plaintiff's physical problems. Plaintiff does not challenge the ALJ's determinations of his physical RFC or other findings based on the physical RFC.

§ 416(i)(1).  The impairment must also be of such severity that the individual is unable to do his or her previous work and – considering age, education, and work experience – cannot engage in any other kind of substantial gainful work that exists in the national economy.  42 U.S.C. § 423(d)(2)(A).

The Social Security Administration, under the authority of the Social Security Act, has established a five-step sequential evaluation process for determining whether an individual is disabled.  *See* 20 C.F.R. § 404.1520.  First, if a claimant is doing substantial gainful activity, he is not disabled.  20 C.F.R. § 404.1520(a)(4)(i).  At the second step, if the claimant does not have an impairment or combination thereof that is severe and meets the duration requirement, he is not disabled.  20 C.F.R. § 404.1520.(a)(4)(ii).  Third, if a claimant has an impairment that meets or equals one of those listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, he is disabled.  20 C.F.R. § 404.1520(a)(4)(iii).  At the fourth step, the ALJ assesses the claimant's residual functional capacity and past relevant work.  20 C.F.R. § 404.1520(a)(4)(iv).  If the claimant can do his past relevant work, he is not disabled.  *Id.*  The fifth and final step assesses whether the claimant's residual functional capacity and age, education, and work experience would allow the claimant to make an adjustment to other work.  20 C.F.R. § 404.1520(a)(4)(v).  If not, the claimant is disabled.  *Id.*

Plaintiff's appeal focuses on the fifth step in the evaluation process: his capacity to adjust to other work.  The ALJ must consider the vocational factors mentioned above to determine whether Plaintiff is "capable of performing other jobs existing in significant numbers in the national economy."  *Barnhart v. Thomas*, 540 U.S. 20, 25 (2003).  "There are two avenues by which the ALJ may determine whether the claimant has the ability to adjust to other

work in the national economy." *Philips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004). "The first is by applying the Medical Vocational Guidelines." *Id.* The second was employed by the ALJ in the instant case: the use of a vocational expert. *Id.* at 1240.

"The scope of this Court's review is limited to whether the Commissioner's decision is supported by substantial legal evidence and based on proper legal standards." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). "Substantial evidence is less than a preponderance, but rather such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). "This limited review precludes deciding the facts anew, making credibility determinations, or re-weighing the evidence." *Id.* Even if the Court finds that the evidence preponderates against the Secretary's decision, the Court must affirm if the decision is supported by substantial evidence. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983) (citing 42 U.S.C. § 405(g)).

## IV. ANALYSIS

Plaintiff raises two objections to the R & R, both of which involve a case published on the same day the R & R was entered. Plaintiff asserts that the new case conflicts with the Magistrate Judge's recommendation. (*See* Doc. No. 19 p. 2) (citing *Winschel v. Comm'r of Soc. Sec.*, ---F.3d ----, No. 10-10621, 2011 WL 198372, at *1 (11th Cir. Jan. 24, 2011)). In *Winschel*, the claimant appealed the district court's order affirming the ALJ's denial of disability insurance benefits, contending in part that "the ALJ erred by posting an incomplete hypothetical question to the vocational expert and then by relying on the vocational expert's response to conclude that there were significant numbers of jobs in the national economy that

Winschel could perform." *Winschel*, 2011 WL 198372, at *1. The Eleventh Circuit remanded the case because the ALJ "did not indicate that medical evidence suggested Winschel's ability to work was unaffected by [the moderate limitation in maintaining concentration, persistence, and pace], nor did he otherwise implicitly account for the limitation in the hypothetical." *Id.* at *4. On remand, the Eleventh Circuit stated that the ALJ "must pose a hypothetical question to the vocational expert that specifically" accounted for the plaintiff's "moderate limitation in maintaining concentration, persistence, and pace." *Id.*

Plaintiff asserts that the ALJ's conclusion in the instant case was not based on substantial evidence because it does not satisfy the legal standard set forth in *Winschel*. Plaintiff's first objection is that although the ALJ found at step two that Plaintiff had moderate limitations in concentration, persistence, and pace, the ALJ did not take into account such limitations at step five. (Doc. No. 18 p. 2.) Plaintiff raises a second, related objection: the "ALJ did not indicate that medical evidence suggested Mr. Lea's ability to work was unaffected by his limited ability to concentrate, persist, or maintain pace." (*Id.* at 3.) Plaintiff objects that the ALJ did not include the limitations in the first two hypotheticals posed to the vocational expert.[2] (*Id.*) The ALJ's conclusion was not supported by substantial evidence, Plaintiff

---

[2] The first hypothetical limited the nature of the work to "no more than light lifting and carrying tasks." (R. 61.) The ALJ also limited it to no left-shoulder or above-shoulder activities; no ladder, rope, or scaffold climbing; only occasional ramp and stair climbing, balancing, stooping, kneeling, crouching, or crawling; avoiding exposure to extreme cold or heat; and avoiding exposure to dangerous work hazards. (*Id.*) The hypothetical included a limitation of "performing routine, uncomplicated low stress type of work activity." (*Id.*) Finally, this first hypothetical was limited to "work that doesn't require more than occasional required contact with co-workers, the public or supervisors." (*Id.*) The second hypothetical added the limitation that "this individual can only have rare contact with the public." (*Id.* at 62.)

argues, because when the ALJ included the limitation in the third hypothetical, the vocational expert responded that there were no jobs within those limits that Plaintiff could perform.[3] (*Id.*)

In its memorandum in support of the Commissioner's decision (Doc. No. 16), the Commissioner argued that the ALJ was not required to include such limitations at step five or in the hypothetical, explaining that Plaintiff "misapprehends the difference between a Psychiatric Review Technique (PRT) finding and an RFC finding." (*Id.* at 5.) In its memo, the Commissioner also asserted that the "ALJ was not required to include PRT findings in the hypothetical question because those matters pertain to separate parts of the sequential evaluation process." (*Id.* at 10.) However, now the Commissioner argues that the ALJ did include such findings in the hypothetical posed to the vocational expert. The Commissioner contends that the Magistrate Judge's recommendation in the R & R does not conflict with the legal standard set forth in *Winschel* because the ALJ actually did precisely what *Winschel* requires. (Doc. No. 20 p. 1.) The Commissioner asserts that the ALJ "properly translated her PRT findings" into the hypothetical by limiting Lea's abilities to "a reduced range of routine, uncomplicated, low-stress sedentary work that required no more than occasional contact with co-workers, supervisors, or the public." (*Id.*) The ALJ satisfied the requirements set forth in *Winschel*, according to the Commissioner, because she "specifically discuss [sic] medical evidence that suggested Plaintiff could work despite any difficulties he had with concentration,

---

[3] The ALJ's third hypothetical was, "[I]f this individual was going to be off tasks or distracted 30 percent of the day, which would be occasional, would there be jobs in the regional or national economies?" (R. 64.) The vocational expert answered, "No, there would be no jobs, especially unskilled work. The employers would not accept that." (*Id.*)

8

persistence or pace, and she also accounted for Plaintiff's difficulties in her RFC assessment and hypothetical question to the [vocational expert]." (*Id.* at 2) (citing R. 14-17).

The Court reads the holding of *Winschel* differently than the Commissioner. According to the Eleventh Circuit in *Winschel*, the ALJ must account for limitations in concentration, persistence, and pace unless the ALJ indicates that a claimant's ability to work is unaffected by the limitation. *See Winschel*, 2011 WL 198372, at *4. This was not the case here. The ALJ did not indicate that the medical evidence suggested that Plaintiff's ability to work was unaffected by such limitation. As the Commissioner explains, the ALJ noted that the medical evidence demonstrated that Plaintiff's "depressive issues . . . moderately impaired his concentration, persistence, or pace to complete tasks timely or understand and remember simple instructions." (Doc. No. 20 p. 2) (citing R. 12, 361-362). Because the limitation had some effect on Plaintiff's ability to work, *Winschel* requires the ALJ to implicitly or explicitly "account for the limitation in the hypothetical." *Winschel*, 2011 WL 198372, at *4. The Commissioner states that the ALJ accounted for such limitation in her hypothetical to the vocational expert, but does not explain how she did so. (*See* Doc. No. 20 p. 3) ("The ALJ fully accounted for Plaintiff's difficulties in concentration, persistence, or pace in her hypothetical question to the [vocational expert] and her finding as to his RFC."). Instead of specifying how the ALJ implicitly or explicitly accounted for the limitation in the hypothetical, the Commissioner states that the medical evidence "supports the ALJ's finding" that Plaintiff could engage in "routine, uncomplicated, and low-stress" work. (*Id.* at 2-3.) The Eleventh Circuit has explained that limiting the hypothetical to jobs that are "routine, uncomplicated, and low-stress" does not necessarily account for limitations in concentration, persistence, and pace.

9

*See Winschel*, 2011 WL 198372, at *3-4 (rejecting the reasoning that a hypothetical sufficiently included the limitation by restricting the available jobs to unskilled or semi-skilled work). Some circuits have held it to be sufficient if a vocational expert has independently learned of the limitations and presumably accounted for them. *See e.g. Simila v. Astrue*, 573 F.3d 503, 521 (7th Cir. 2009). Here there is no such indication. The Court also finds it noteworthy that the ALJ apparently alluded to Plaintiff's limitations in concentration in the third hypothetical but then did not consider the vocational expert's answer when forming her conclusion that Plaintiff could adjust to other work.

The Court determines that this case will be reversed and remanded to the Commissioner for a rehearing in light of *Winschel*. On remand, the ALJ must specifically include Plaintiff's limitations in concentration, persistence, and pace in the hypothetical questions posed to the vocational expert.

## V. CONCLUSION

Based on the foregoing, it is ORDERED as follows:

1. Plaintiff Larry L. Lea's Objection to the Report and Recommendation (Doc. No. 18), filed on February 3, 2011, is SUSTAINED.

2. The Court adopts the Report and Recommendation (Doc. No. 17), filed on January 24, 2011, to the extent that it sets forth the procedural history and medical history but respectfully declines to adopt the Magistrate Judge's decision that the Commissioner's decision be affirmed in light of the intervening legal precedent.

3. The Decision of the Commissioner of Social Security is REVERSED and the matter is REMANDED to the Commissioner if Social Security pursuant to sentence four of 42 U.S.C.

§ 405(g) so that the Commissioner can develop the record and set forth factual findings as to Plaintiff's capacity to make an adjustment to other work.

**DONE** and **ORDERED** in Chambers, in Orlando, Florida, on March 1, 2011.

ANNE C. CONWAY
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Party
Magistrate Judge Baker