# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**LARRY L. LEA,**

        **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　　　　**Case No. 6:10-cv-205-Orl-22DAB**

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **PLAINTIFF'S PETITION FOR ATTORNEY'S FEES (Doc. No. 24)**
>
> **FILED:** March 19, 2011
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

This application follows the issuance of an Order and entry of Judgment reversing the decision of the Commissioner of Social Security with respect to Plaintiff's claim for benefits, and remanding the case pursuant to sentence four of 42 U.S.C. § 405(g) (Doc. No. 21 & 23). Plaintiff's Motion seeks an award of attorney's fees under the Equal Access to Justice Act. The Commissioner is opposed to the award of fees to Plaintiff, arguing that his position was substantially justified. Alternatively, if fees are awarded, the Commissioner argues they should be reduced for time spent on certain activities.

**I. Procedural Background**

In March 2009, an administrative law judge (ALJ) denied Plaintiff's claim for a period of disability and disability insurance benefits (Tr. 6-18). The Appeals Council denied Plaintiff's request for review (Tr. 1-4). Plaintiff challenged the Commissioner's final decision in the United States District Court for the Middle District of Florida. Doc. 1. On January 24, 2011, this Court issued a Report and Recommendation recommending the Court affirm the Commissioner's decision. Doc. 17. However, on the same day the Report and Recommendation was entered, the Eleventh Circuit decided *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir.2011). After considering Plaintiff's objection to the Report and Recommendation based on *Winschel* and the Commissioner's response (Docs. 18, 20), Chief Judge Conway, on March 2, 2011, subsequently reversed and remanded Plaintiff's case for further proceedings. Doc. 21. Plaintiff filed his application for attorney fees under the Equal Access to Justice Act on March 19, 2011. Doc. 24. The Commissioner filed its response on April 4, 2011.

**II.  Substantial justification**

Pursuant to the Equal Access to Justice Act, a party can recover an award of attorney's fees against the government provided that the party seeking the award is the prevailing party; the application for such fees, including an itemized justification for the amount sought, is timely filed; the position of the government is not substantially justified; and no special circumstances are present which would make an award unjust. Title 28 U.S.C. § 2412(d)(1)(A). The Commission concedes that Plaintiff is the prevailing party[1], the application for fees was timely filed, and the majority of the time sought was reasonably incurred. Doc. 25.

---

[1] The Commissioner also does not dispute that Plaintiff's net worth at the time the proceeding was filed was less than two million dollars, another requisite for an award of fees under the EAJA. Doc. 24 at 2.

The principal issue in dispute is whether the Commissioner's position at the agency level and the Court was "substantially justified." Plaintiff contends that he is entitled to fees because the government's position at the agency level and in this Court was not substantially justified in that the ALJ failed to include in the hypothetical question to the VE Plaintiff's moderate difficulties with regard to concentration, persistence or pace; the ALJ subsequently relied on the VE's testimony based on the hypothetical which omitted this difficulty. Doc. 24. Plaintiff argues that the ALJ's decision was not substantially justified in light of the 2007 holding in *Ingram*[2] which generally requires hypothetical questions posed to vocational experts to include all of the claimant's impairments; he further argues that the Appeals Council's refusal to grant review was also not substantially justified. Doc. 24.

"The government's position is substantially justified under the EAJA when it is 'justified to a degree that would satisfy a reasonable person'- *i.e.,* when it has a reasonable basis in both law and fact." *United States v. Douglas*, 55 F.3d 584, 588 (11th Cir.1995) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). "The government bears the burden of showing that its position was substantially justified." *United States v. Jones*, 125 F.3d 1418, 1425 (11th Cir.1997) (citation omitted); *see also United States v. Aisenberg*, 358 F.3d 1327, 1339 n. 18 (11th Cir. 2004)(observing that 28 U.S.C. § 2412(d) "also contains this burden of proof: the United States must show that its position was 'substantially justified or that special circumstances make an award unjust,' when defending an application for attorney's fees."). "[T]he fact that one other court agreed or disagreed with the [Commissioner] does not establish whether its position was substantially justified." *Id*. at 569, 108 S.Ct. at 2552.

---

[2]*Ingram v. Commissioner of Soc. Sec. Admin.*, 496 F.3d 1253, 1270 (11th Cir. 2007).

The Commissioner argues that his position was substantially justified based on what amounts to an intervening change in the law, *i.e.*, the decision in *Winschel*, which altered the law as previously represented in unpublished decisions, *Martino v. Barnhart*, 2002 WL 32881075 (11th Cir. 2002) and *Gantea v. Commissioner of Social Security*, 2010 WL 2179517 (11th Cir. 2010) that an ALJ was not required to include her step two and three findings in her hypothetical question to a VE. Doc. 25 at 7. Plaintiff argues that the Commissioner was not justified in relying on the "same argument [that] had already been rejected by the Eleventh Circuit Court of Appeals" on May 21, 2010[3] in the unpublished case of *Richter v. Commissioner of Social Security*, 379 Fed. Appx. 959, 2010 WL 2017650 (11th Cir. May 21, 2010), and in prior cases from three other circuit courts. Doc. 24 at 7-8 (citing cases from Third, Seventh, and Eighth Circuit Courts of Appeal).

As an initial matter, the cases from the other circuit courts are not binding in this Circuit. Although the *Richter* case, as an *unpublishe*d case from an Eleventh Circuit panel[4], is persuasive authority on a particular point, the Court does not rely on unpublished opinions as precedent,[5] equally so are the unpublished opinions in *Martino*, and *Gantea* (also one of Mr. Culbertson's cases), which are cases cited in the Commissioner's Memorandum in support of the Commissioner's decision.

In *Richter,* the panel held that the ALJ could not generally account for a claimant's deficiencies in concentration, persistence, and pace by restricting the vocational expert's inquiry to simple, routine tasks or unskilled work *unless* the "medical evidence demonstrate[s] that a claimant retains the ability to engage in simple, routine, repetitive tasks or unskilled work despite deficiencies

---

[3]The Commissioner's Memorandum in support was filed on September 22, 2010 (Doc. 16), about four months after the *Richter* decision issued.

[4]Judges Edmondson, Birch, and Anderson issued the per curiam unpublished decision noting that "[O]ur circuit has never addressed the question of whether a hypothetical question must specifically account for documented limitations of 'concentration, persistence, or pace.'" Doc. 11-1 at 5.

[5]*See* 11th Cir. R. 36-2; *see also* Fed. R. App. P. 32.1 governing citation of judicial decisions issued on or after Jan. 1, 2007.

in concentration, persistence and pace" and then "these restriction sufficiently account for such deficiencies." Doc. 11-1 at 6 (citing cases for sister circuits including *Howard v. Massanari*, 255 F.3d 577, 582 (8th Cir. 2001) (restricting vocational expert's inquiry to simple, routine, repetitive tasks accounted for deficiencies of concentration, persistence, or pace where psychologist determined that claimant could perform such tasks without severe restrictions). The panel also noted that sister circuits had held that hypothetical questions adequately accounted for a claimant's deficiencies in concentration, persistence, and pace where they otherwise implicitly accounted for these deficiencies, citing *White v. Commissioner of Social Security,* 572 F.3d 272, 288 (6th Cir. 2009) and *Thomas v. Barnhart,* 278 F.3d 947, 956 (9th Cir. 2002).

In the unpublished decision of *Gantea*, decided one month **after** *Richter*, a different Eleventh Circuit panel[6], per curiam, held:

> Gantea argues that the administrative law judge posed an incomplete hypothetical question to the vocational expert that omitted that Gantea had *moderate difficulty with concentration, persistence, and pace*, but we disagree. Gantea suffered moderate limitations in his concentration, persistence, and pace, but *Dr. Ann Adams and Dr. Bruce Hertz reported that those impairments were not severe enough to constitute a functional limitation.* Because Gantea's limitations did not meet or equal a listed impairment, the administrative law judge had to determine only whether Gantea could perform other work based on his residual functional capacity, age, education, and work experience. See 20 C.F.R. §§ 404.1520(a)(4)(iii)-(v), 404.1520a(d)(3). The hypothetical question included all the impairments related to Gantea's residual functional capacity, and the answer of the vocational expert provided substantial evidence to support the finding that Gantea could perform the requirements of a table worker or assembly worker.

*Gantea*, 380 Fed.Appx. 950, 951, 2010 WL 2179517, *1 (11th Cir. June 2, 2010) (emphasis added).

In *Martino v. Barnhart*, cited by the Commissioner, decided nine years before *Winschel*, the Eleventh Circuit had held that an ALJ "is not required to incorporate the 'B' criteria of the PRT in an

---

[6]Judges Wilson, Pryor, and Anderson.

assessment." Case No. 01-17085, 2002 WL 32881075, at *2 (11th Cir. 2002) (unpublished) (citing SSR 96-8p).

This Court in considering both parties' arguments post-*Richter* (which was attached to Plaintiff's Memorandum) and the two cases cited by the Commissioner, *Martino*, and *Gantea*, noted that the ALJ had properly applied the reviewing psychologist's opinion from the Mental RFC Assessment form incorporating the findings of moderate limitations in concentration, persistent and pace, but not directly from the PRT, instead applying the findings as taken from Dr. Bruenig's Mental RFC assessment form. Doc. 17 at 8-9. The Mental RFC Assessment form, completed by the reviewing psychologist Dr. Bruening in October 2008, opined that claimant was able to "understand and remember short, simple instructions; sustain attention for two-hour segments of time; tolerate minimal contact with co-workers and supervisors in a non-public setting; and adapt as needed in work settings involving routine, low pressure adjustments." R. 424[7]. The ALJ practically quoted this exact information *from Dr. Bruenig's* Mental RFC Assessment form in her decision (R. 16) and proposed those limitations as part of the first two hypotheticals to the VE. R. 61-62. The ALJ asked the VE in the first two hypothetical questions to include a limitation of "routine, uncomplicated low stress type of work" R. 61-62. With respect to the first two hypotheticals, the Commissioner's position was substantially justified.

However, in order to deny Plaintiff EAJA fees, as explained by the Eleventh Circuit, *all* of the government's positions must be "substantially justified"- *i.e.*, they *all* must possess a "reasonable basis both in law and fact," then, "notwithstanding the fact that the claimant ultimately prevailed in the litigation, the claimant is not entitled to receive attorney's fees." *Myers v. Sullivan*, 916 F.2d 659,

---

[7]The consulting psychologist, Dr. Noelker, (on which Dr. Bruening based her opinion) opined that Plaintiff's "ability to understand and remember simple one or two step instructions is mildly to moderately impaired. Patient's ability to sustain concentrations and persistence is moderately impaired. Social interactions have become moderately impaired of late. Patient's ability to adapt and respond to pressures normally found in day to day work activity is moderately to severely impaired." R. 362.

666-67 (11th Cir. 1990) (citing *Jean v. Nelson*, 863 F.2d 759, 767 (11th Cir. 1988) and *Reeves v. Bowen*, 841 F.2d 383 (11th Cir.) (per curiam), *order on reh'g*, 860 F.2d 1009 (11th Cir. 1988)). "Under this inquiry, it is not sufficient for the government to show that some of its earlier positions or arguments were valid. Unless the government can establish that *all* of its positions were substantially justified, the claimant is entitled to receive attorney's fees. *Myers*, 916 F.2d at 666-67 (citing *Hudson*, 839 F.2d at 1456 n. 3).

The Commissioner's position was not substantially justified based on his failure to explain or concede the ALJ's unexplained omission of the VE's response to the ALJ's *third* hypothetical – that there would be no work in the economy for an individual "distracted 30% of the time" (R. 64). This Court, in the Report and Recommendation (Doc. 17), pre-*Winschel,* identified the Commissioner's failure to address the ALJ's omission as an issue. Post-*Winschel*, Judge Conway held it to be an issue worthy of remand to the ALJ to correct the hypothetical:

> Plaintiff raises two objections to the R & R, both of which involve a case published on the same day the R & R was entered. Plaintiff asserts that the new case conflicts with the Magistrate Judge's recommendation. ( See Doc. No. 19 p. 2) (citing *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir.2011)). In *Winschel*, the claimant appealed the district court's order affirming the ALJ's denial of disability insurance benefits, contending in part that "the ALJ erred by posing an incomplete hypothetical question to the vocational expert and then by relying on the vocational expert's response to conclude that there were significant numbers of jobs in the national economy that Winschel could perform." *Winschel*, 631 F.3d at 1178. The Eleventh Circuit remanded the case because the ALJ "did not indicate that medical evidence suggested *Winschel'*s ability to work was unaffected by [the moderate limitation in maintaining concentration, persistence, and pace], nor did he otherwise implicitly account for the limitation in the hypothetical." *Id.* at 1181. On remand, the Eleventh Circuit stated that the ALJ "must pose a hypothetical question to the vocational expert that specifically" accounted for the plaintiff's "moderate limitation in maintaining concentration, persistence, and pace." *Id.*
>
> Plaintiff asserts that the ALJ's conclusion in the instant case was not based on substantial evidence because it does not satisfy the legal standard set forth in *Winschel*. Plaintiff's first objection is that although the ALJ found at step two that Plaintiff had moderate limitations in concentration, persistence, and pace, the ALJ did not take into account such limitations at step five. (Doc. No. 18 p. 2.) Plaintiff raises a second,

related objection: the "ALJ did not indicate that medical evidence suggested Mr. Lea's ability to work was unaffected by his limited ability to concentrate, persist, or maintain pace." Plaintiff objects that the ALJ did not include the limitations in the first two hypotheticals posed to the vocational expert. *The ALJ's conclusion was not supported by substantial evidence, Plaintiff argues, because when the ALJ included the limitation in the third hypothetical, the vocational expert responded that there were no jobs within those limits that Plaintiff could perform.*

In its memorandum in support of the Commissioner's decision, the Commissioner argued that the ALJ was not required to include such limitations at step five or in the hypothetical, explaining that Plaintiff "misapprehends the difference between a Psychiatric Review Technique (PRT) finding and an RFC finding." In its memo, the Commissioner also asserted that the "ALJ was not required to include PRT findings in the hypothetical question because those matters pertain to separate parts of the sequential evaluation process." However, now the Commissioner argues that the ALJ did include such findings in the hypothetical posed to the vocational expert. The Commissioner contends that the Magistrate Judge's recommendation in the R & R does not conflict with the legal standard set forth in *Winschel* because the ALJ actually did precisely what *Winschel* requires. The Commissioner asserts that the ALJ "properly translated her PRT findings" into the hypothetical by limiting Lea's abilities to "a reduced range of routine, uncomplicated, low-stress sedentary work that required no more than occasional contact with co-workers, supervisors, or the public." The ALJ satisfied the requirements set forth in *Winschel*, according to the Commissioner, because she "specifically discuss [sic] medical evidence that suggested Plaintiff could work despite any difficulties he had with concentration, persistence or pace, and she also accounted for Plaintiff's difficulties in her RFC assessment and hypothetical question to the [vocational expert]."

The Court reads the holding of *Winschel* differently than the Commissioner. According to the Eleventh Circuit in *Winschel*, the ALJ must account for limitations in concentration, persistence, and pace unless the ALJ indicates that a claimant's ability to work is unaffected by the limitation. *See Winschel*, 631 F.3d at 1181. This was not the case here. The ALJ did not indicate that the medical evidence suggested that Plaintiff's ability to work was unaffected by such limitation. As the Commissioner explains, the ALJ noted that the medical evidence demonstrated that Plaintiff's "depressive issues . . . moderately impaired his concentration, persistence, or pace to complete tasks timely or understand and remember simple instructions." Because the limitation had some effect on Plaintiff's ability to work, *Winschel* requires the ALJ to implicitly or explicitly "account for the limitation in the hypothetical." *Winschel*, 631 F.3d at 1181. *The Commissioner states that the ALJ accounted for such limitation in her hypothetical to the vocational expert, but does not explain how she did so.* Instead of specifying how the ALJ implicitly or explicitly accounted for the limitation in the hypothetical, the Commissioner states that the medical evidence "supports the ALJ's finding" that Plaintiff could engage in "routine, uncomplicated, and low-stress" work . . . . *The Court also finds it noteworthy that the ALJ apparently alluded to Plaintiff's limitations in concentration in the third hypothetical but then did not consider the*

> *vocational expert's answer when forming her conclusion that Plaintiff could adjust to other work.*
>
> The Court determines that this case will be reversed and remanded to the Commissioner for a rehearing in light of *Winschel*. On remand, the ALJ must specifically include Plaintiff's limitations in concentration, persistence, and pace in the hypothetical questions posed to the vocational expert.

*Lea v. Commissioner of Social Sec.*, __ F. Supp.2d __, 2011WL 808203, *4-5 (M.D. Fla. March 2, 2011) (internal citations omitted; emphasis added). Judge Conway fully considered the Commissioner's arguments in light of the Eleventh Circuit's holding in *Winschel* and rejected those arguments, particularly noting the problem with the ALJ's omission of the VE's answer to the third hypothetical. Judge Conway was particularly critical of the Commissioner's failure to explain how the ALJ accounted for Plaintiff's limitations in concentration, persistence, and pace, in the portion italicized above. The Commissioner failed to overcome the ALJ's omission of the VE's answer to her third hypothetical, in which the ALJ modified the hypothetical to include "distracted 30% of the time" (or "occasionally") (R. 64), and the VE testified that there would be no jobs in unskilled work for such an individual because employers would not accept that, thus, there was no other work Plaintiff could perform with such a limitation. R. 64. This Court had previously specifically identified in the Report and Recommendation that the Commissioner had "not directly address[ed] this argument about the 'distraction' limitation in the hypothetical in his memorandum," but recommended affirmance in light of the ALJ's discussion of Dr. Bruenig's Mental RFC Assessment and subsequent incorporation of those limitations in the first two hypotheticals. Doc. 17 n.2. Post-*Winschel*, which was decided on the same day the Report and Recommendation issued, rather than concede that there was a problem with the hypotheticals as a whole, the Commissioner again failed to address the ALJ's omission of the VE's negative response to the third hypothetical for a person "distracted 30% of the time" in his response to Plaintiff's Objections to the Report and Recommendation.

The Commissioner's argument that his position was substantially justified merely rehashes his arguments in support of the ALJ's determination and against Plaintiff's objections, and misses the mark. Judge Conway ultimately remanded the case because the ALJ failed in her duty to properly consider *all* of the evidence in the record – including the VE's answer to the third hypothetical about "distracted 30% of the time"– in finding that there was other work in the national economy that Plaintiff could perform. Because the ALJ failed to comply with the legal requirements that she include in the hypothetical all of Plaintiff's limitations concerning concentration, persistence and pace, the Commissioner's position was not substantially justified and Plaintiff is entitled to an award of fees under EAJA.

### III.  Calculation of fees

Plaintiff's Motion seeks an award of attorney's fees in the amount of $5,372.45, calculated at the rate of $175.05 per hour ($125.00 adjusted for cost of living increase of 40% (Consumer Price Index)) for 21.5 hours of work expended in 2010; at the rate of $176.80 per hour ($125.00 adjusted for cost of living increase of 41.4% (CPI)) for 9.1 hours of work expended in 2011. Doc. No. 24. *See Meyer v. Sullivan,* 958 F.2d 1029, 1034 (11th Cir. 1992) (court must consider cost of living increases when awarding attorney fees under Equal Access to Justice Act); *Johnson v. Sullivan*, 919 F.2d 503, 504 (8th Cir. 1990) (CPI is appropriate proof of cost of living increase and justifies higher award than statutory rate).

The Commissioner is opposed to fee reimbursement to Plaintiff for .3[8] of an hour that counsel spent reviewing the administrative file and decision regarding a possible appeal (to this district court) on January 7, 2010. Doc. 24 at 13. Time evaluating a file and interviewing the client, in accordance with the requirements of Rule 11, is compensable. The .3 of an hour (or 18 minutes spent reviewing

---

[8] The Commissioner states this is .6 of an hour (Doc. 25 at 9), but it is only listed as .3 of an hour on Plaintiff's counsel's timesheet. Doc. 24 at 13.

-10-

the file) and the same amount of time spent discussing the case with the client are also not excessive because of Mr. Culbertson's expertise in the area of social security law (since 1975), as the Commissioner argues. This was a close case, evidenced by the difference in this Court's recommendation and the district judge's final ruling, post-*Winschel*, to remand the case. Additional time spent by Mr. Culbertson investigating the facts underlying the ALJ's and AC's decisions was necessary under the particularly close facts of this case. For the same reasons, the Commissioner's arguments for reducing time spent preparing the initial brief, the objection to the Report and Recommendation, and EAJA petition (in light of the Commissioner's objection as explained in the Local Rule 3.01(g) conference before the Motion was filed), are not persuasive in light of the difficulty of this case in particular.

Plaintiff's counsel seeks to have the Court authorize payment to him if the Commissioner determines that Plaintiff does not owe a debt to the government. Any arrangement between client and counsel is outside the purview of the judgment; however, it does appear that if such an agreement exists between Plaintiff and counsel, it would be in keeping with Supreme Court precedent in *Astrue v. Ratliff*, 130 S. Ct. 2521, 2523 (June 14, 2010), which requires that the EAJA attorney fees are awarded to the prevailing party, not to the prevailing party's attorney. *See Martin v. Astrue*, Case No. 3:08-cv-1013-J-TEM, 2010 WL 2639566, *2 (M.D. Fla. June 29, 2010) (observing that "*Ratliff* acknowledges that historically the actual payment of EAJA fees is often directed to the attorney for the prevailing party, and sets forth that such practice will in fact continue where the prevailing plaintiff does not owe a debt to the government and assigns the right to receive the fees to the attorney").

Upon review of the supporting papers filed by Plaintiff and the Commissioner's opposition, the Court finds that an award of $5,372.45 is appropriate under the EAJA. It is therefore **respectfully**

**RECOMMENDED** that the motion be **GRANTED** and judgment be entered in the amount of **$5,372.45** for attorney's fees.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on May 19, 2011.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy