**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**LARRY L. LEA,**

          **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　　　　　　**Case No. 6:10-cv-205-Orl-22DAB**

**COMMISSIONER OF SOCIAL SECURITY,**

          **Defendant.**
_____

# ORDER

This cause comes before the Court for consideration of Plaintiff Larry L. Lea's Motion for Attorney's Fees (Doc. No. 24), filed on March 19, 2011. The Commissioner of Social Security (the "Commissioner") filed a response in opposition (Doc. No. 25) on April 4, 2011. United States Magistrate Judge David A. Baker submitted a Report and Recommendation ("R & R") (Doc. No. 26) recommending that attorney's fees should be granted in the amount of $5,372.45. After an independent *de novo* review of the record in this matter, including the objection filed by the Commissioner, the Court agrees with the findings of fact and conclusions of law in the R & R.

Pursuant to the Equal Access to Justice Act ("EAJA"), a party may recover an award of attorney's fees against the government if the party meets five requirements: (1) the party is the prevailing party; (2) the application for such fees, including an itemized justification for the amount sought, is timely filed; (3) the claimant has a net worth of less than $2 million at the time

the Complaint was filed; (4) the position of the government was not substantially justified; and (5) there are no special circumstances which would make an award unjust. 28 U.S.C. § 2412(d)(1)&(2).

The issue here is whether the government's position was substantially justified. "The burden of proving substantial justification is on the Commissioner, who must demonstrate the substantial justification of his position as a whole." *See United States v. Jones*, 125 F.3d 1418, 1427-31 (11th Cir. 1997). Judge Baker states that the Commissioner was not substantially justified because all of the government's positions did not possess a reasonable basis in law and fact. (Doc. No. 26 pp. 6-7) (citing *Myers v. Sullivan*, 916 F.2d 659, 666-67 (11th Cir. 1990)). Judge Baker determined, based on this Court's ruling that the Commissioner failed to explain or concede the ALJ's omission of the vocational expert's answer to the third hypothetical, that the Commissioner's position regarding the third hypothetical was not substantially justified. (*Id.* at 7.)

The Commissioner objects to Judge Baker's recommendation because its "position in this litigation was substantially justified."[1] (Doc. No. 27 p. 2.) The Commission objects that the "Commissioner did not specifically discuss the ALJ's decision not to rely on the [vocational expert's] testimony in response to the third, extremely restrictive hypothetical question because it included limitations that were not supported by the evidence." (*Id.*) The Commissioner again argues that the "ALJ specifically discussed medical evidence that suggested Plaintiff could work despite any difficulties he had maintaining concentration, persistence or pace, and, based on that

---

[1] In its opposition response to Plaintiff's motion for attorney's fees, the Commissioner argued in addition to its position being substantially justified that the number of hours claimed was excessive. (*See* Doc. No. 25 p. 1.) The Commissioner does not object to Judge Baker's recommendation that Plaintiff's calculation of fees was not excessive. (*See* Doc. No. 27 pp. 10-12.)

evidence, presented hypothetical questions to the [vocational expert] that included limitations to routine, uncomplicated, and low-stress work." (*Id.* at 3) (citing R. 14-17). The Commissioner also asserts that that the ALJ "practically quoted" Dr. Bruening's opinion in the hypothetical question posed to the vocational expert, on which the ALJ placed "great weight" (R. 16), that Plaintiff "could understand and remember short, simple instructions [and] sustain attention for 2-hour segments, and adapt in work settings involving routine, low-pressure adjustments." (*Id.* at 4.) The Commissioner also contends that the "Commissioner reasonably took the position that the ALJ complied with the [standard set forth in *Winschel v. Commissioner of Social Security*, 631 F.3d 1176 (11th Cir. 2011)] because she specifically discussed medical evidence that suggested Plaintiff could work despite any difficulties he had maintaining concentration, persistence or pace." (*Id.* at 6.) The Commissioner cites two unpublished Eleventh Circuit opinions that rearticulate and apply the *Winschel* standard. (*Id.* at n.2.)

The Court determines that the Commissioner was not substantially justified in affirming the ALJ's decision that Plaintiff is not disabled. The Commissioner argues that the ALJ did not mention the third hypothetical because she determined that the medical records did not support its extreme restriction, but the Court finds that the ALJ did not adequately develop the record to explain why she asked the hypothetical question but did not rely on it. Presumably the ALJ examined Plaintiff's medical records prior to the hearing and determined which limitations to include in the hypotheticals. It appears that the ALJ considered Plaintiff to have some degree of distraction by including the limitation in the hypothetical; the Court's concern is the lack of development in the administrative record regarding that limitation.

3

Therefore, the Court finds that the Commissioner's position as a whole was not substantially justified and will grant Plaintiff's motion for attorney's fees. The Commissioner will determine whether Plaintiff owes a debt to the government. If the Commissioner determines that Plaintiff does not owe such a debt, the award may be paid directly to Plaintiff's counsel. *See Whittemore v. Astrue*, No. 3:09-cv-1242-J-25MCR, 2011 WL 2144590, at *2 (M.D. Fla. May 31, 2011) (stating that the Supreme Court in *Astrue v. Ratliff*, ---U.S. ----, 130 S. Ct. 2521 (2010), "implicitly approved the practice of issuing EAJA payments directly to a plaintiff's attorney only in cases where the plaintiff does not owe a debt to the Government and the plaintiff has assigned the right to the EAJA fees to the attorney").

Therefore, it is ORDERED as follows:

1. The Commissioner of the Social Security Administration's Objection to the Report and Recommendation (Doc. No. 27), filed on June 2, 2011, is OVERRULED.

2. The Magistrate Judge's Report and Recommendation filed (Doc. No. 26), filed on May 19, 2011, is ADOPTED and CONFIRMED and made a part of this Order.

3. Plaintiff Larry L. Lea's Motion for Attorney's Fees (Doc. No. 24), filed on March 19, 2011, is GRANTED. The award of $5,372.45 is subject to offset any pre-existing debt to the United States.

**DONE** and **ORDERED** in Chambers, in Orlando, Florida, on August 17, 2011.

*Anne C. Conway*
ANNE C. CONWAY
United States District Judge

Copies furnished to:

Magistrate Judge Baker
Counsel of Record