**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**LARRY L. LEA,**

               **Plaintiff,**

**-vs-**                                               **Case No. 6:10-cv-205-Orl-22DAB**

**COMMISSIONER OF SOCIAL
SECURITY,**

               **Defendant.**
_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **REQUEST FOR AUTHORIZATION TO CHARGE A REASONABLE FEE UNDER 42 U.S.C. § 406(b) (Doc. No. 30)** |
| **FILED:** | **February 28, 2012** |
| | **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**. |

Plaintiff's Motion for authorization to charge a reasonable fee follows the issuance of an Order and Judgment reversing the decision of the Commissioner of Social Security with respect to Plaintiff's claim for benefits, and remanding the case pursuant to sentence four of 42 U.S.C. § 405(g) (Docs. 22, 23). Judgment in the case was entered on March 3, 2011. Doc. 23.

Ten months later, Plaintiff was subsequently granted benefits, including past-due benefits. *See* Doc. 30-2. The Social Security Administration apparently issued a Notice of Award dated

January 17, 2012 showing the calculation of past due benefits totaling $58,621.00, some of which was withheld by the Administration toward payment of counsel's approved attorney's fees. Doc. No. 30-2.

Section 406(b) allows for a court to award a reasonable attorney's fee not in excess of 25% of the past due benefits found to be due a social security claimant, "as part of its judgment." According to Federal Rule of Civil Procedure 54(d)(2)(B) and Local Rule 4.18(a), all claims for attorney's fees preserved by appropriate pleadings shall be asserted by separate motion filed not later than 14 days following the entry of judgment. The difficulty, of course, is that a judgment remanding the case for additional proceedings rarely (if ever) results in agency action immediate enough to give rise to a claim for attorney's fees in a timely manner.

The Commissioner is opposed to the § 406(b) award of benefits, contending that the application for fees is untimely. The Commissioner argues that Plaintiff's application is filed more than 14 days after the entry of the judgment, *see Bergen v. Commissioner*, 454 F.3d 1273 (11th Cir. 2006), and past the deadline established in Federal Rule of Civil Procedure 54(d)(2)(B) requiring motions for attorney's fees to be filed no later than 14 days after entry of judgment. The Commissioner argues that because counsel failed to seek an extension of time to file the potential motion for fees from past due benefits under § 406(b), he has waived the ability to recover such fees. Doc. 31. The Commissioner concedes that the Eleventh Circuit has acknowledged that the "best practice" of requesting an extension to file the § 406(b) motion within 14 days of the judgment "had not been a universally workable solution," and for that reason, encouraged the district courts to fashion a general order or local rule permitting district-wide application of a uniform process for seeking such fees. *Blitch v. Astrue*, 261 Fed. Appx. 241 n.1 (11th Cir. Jan. 8, 2008). This District does not have any such order regarding social security appeal or § 406(b) fees. The "best practice" in this area is hardly uniform or well-settled law.

This Court's own practice has been generally to grant motions for the Court to reserve jurisdiction to allow petitioners to file petitions for attorney's fees under § 406(b) within thirty days of notice from the Commissioner that Plaintiff has been awarded past due benefits. Although Plaintiff did not file a motion for the Court to reserve jurisdiction after the judgment, he had sought such relief in the prayer for relief in the Complaint – "for the Court to reserve jurisdiction to consider Plaintiff's attorney's entitlement to charge a reasonable attorney's fee in any judgment of reversal and remand" (Doc. 1 at 3) – but this relief was not part of the final judgment. The Court notes that the Commissioner has not opposed other untimely applications or made such arguments in other cases in which counsel has failed to timely preserve the issue or move for an extension of time for *years* after the judgment remanding the case. *See, e.g., Vanwitzenburg v. Commissioner*, Case No. 6:06-cv-1599, Doc. 20 (motion to reserve jurisdiction to award fees filed in January 2011, two and a half years after judgment entered in May 2007); *see also Walker v. Astrue*, 593 F.3d 274, 280 (3d Cir. 2010) (holding that the application of the filing deadline is tolled until the notice of award is issued by the Commissioner and counsel is notified of the award); *Cook v. Commissioner of Social Security*, 2010 WL 2871816 (M.D. Fla. 2010) (construing the 14-day limitation period to begin on the date the notice of award is served, not from the date of judgment).

Here, Mr. Culbertson, Plaintiff's appellate counsel did not represent Plaintiff at the administrative level, and that attorney did not send Mr. Culbertson a copy of the Notice of Award until February 22, 2012. Doc. 30-3. Nor did the Social Security Administration send him a Notice of Award despite two letters to the SSA in 2010 and 2011 notifying the SSA that he intended to seek fees in federal court. Doc. 30-3. Mr. Culbertson filed his Motion for Fees on February 28, 2012, six days after receiving a copy from Plaintiff's counsel at the administrative level. The Commissioner's objections to the timeliness of Plaintiff's Motion for Fees are overruled.

*Calculation of Fee Award*

Plaintiff's previous counsel received $6,000 in attorney's fees pursuant to 42 U.S.C. § 406(a) for work at the administrative level, which also must be credited against the current fee request. Plaintiff's Motion for Fees (Doc. No. 30) seeks an award of attorney's fees in the net amount of **$8,655.25**, which is calculated by subtracting the $6,000 in fees previously awarded from the 25% of past due benefits, or $14,655.25, awarded by the Social Security Administration.

To evaluate an attorney's § 406(b) petition, the Court must determine whether the fee requested is reasonable. *Gisbrecht v. Barnhart*, 535 U.S. 739, 122 S.Ct. 1817 (2002). The "best indicator of the 'reasonableness' of a contingency fee in a social security case is the contingency percentage actually negotiated between the attorney and client, not an hourly rate determined under lodestar calculations." *Wells v. Sullivan,* 907 F.2d 367, 371 (2d Cir. 1990). However, "[a] fee pursuant to a contingency contract is not *per se* reasonable." *McGuire v. Sullivan,* 873 F.2d 974, 979 (7th Cir. 1989). The contingency fee negotiated by the claimant and his counsel is not reasonable if the agreement calls for fees greater than the twenty-five percent (25%) statutory limit, the agreement involved fraud or "overreaching" in its making, the resolution of the case was unreasonably delayed by the acts of the claimant's attorney, or would provide a fee "so large as to be windfall to the attorney." *Wells,* 907 F.2d at 372; *McGuire,* 873 F.2d at 981; *Rodriguez v. Bowen,* 865 F.2d 739, 746 (6th Cir. 1989). A contingency fee is more likely to be reasonable the greater the risk that the claimant would not prevail. *McGuire,* 873 F.2d at 985 ("A finding of riskiness is an essential one in granting a full twenty-five percent contingent award in a social security case."). Finally, "because section 406(b) requires an affirmative judicial finding that the fee allowed is 'reasonable,' the attorney bears the burden of persuasion that the statutory requirement has been satisfied." *Gisbrecht,* 122 S.Ct. at 1828 n.17.

Upon review of the supporting papers filed by Plaintiff's counsel and there being no opposition by the Commissioner to the *amount* of fees sought, the Court finds that the sum sought is reasonable and an award is appropriate under § 406(b). Counsel states that he spent 30.6 hours representing Plaintiff in this Court. Doc. 30. Counsel has practiced law for thirty years in the area of social security law, and his practice is almost exclusively limited to representing disabled people; he is the current chair of the Social Security Committee of the Orange County Bar Association[1]. *See* Doc. 30 at 6. The case was fairly complex and hinged on Plaintiff's mental impairments and concentration issues. Through counsel's efforts, the decision of the ALJ was reversed and remanded based on sentence four of 42 U.S.C. §405(g). Plaintiff received an award of $58,621, in past-due benefits, continuing benefits of $1,217 per month, and eligibility of medical coverage under Medicare. Doc. No. 30-2. The Court finds that the sum sought is reasonable and an award is appropriate under § 406(b).

Accordingly, it is respectfully **RECOMMENDED** that the motion be **GRANTED** and the judgment be amended to award fees pursuant to 42 U.S.C. § 406(b) in the amount of **$8,655.25**.

**DONE** and **ORDERED** in Orlando, Florida on March 28, 2012.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record

---

[1] *See* http://www richardaculbertson.com/social-security-benefits html (visited on March 27, 2012).